UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FREDERICK MARCELES COOLEY,

Plaintiff,

v.

CITY OF VALLEJO, et al.,

Defendants.

No.  2:14-cv-0620 TLN KJN PS

ORDER

INTRODUCTION

Plaintiff Frederick Marceles Cooley, proceeding without counsel and *in forma pauperis*, commenced this action on March 6, 2014.  (ECF No. 1.)[1]  Subsequently, on March 28, 2014, all named defendants (the City of Vallejo, sergeant Brett Clark, and officer Dustin Joseph) filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which was noticed for hearing on May 8, 2014.  (ECF No. 9.)  On April 7, 2014, plaintiff filed an opposition to the motion to dismiss, as well as a motion for sanctions under Federal Rule of Civil Procedure 11 to be imposed on defendants' counsel.  (ECF Nos. 12, 13.)  Thereafter, on May 1, 2014, defendants filed a reply brief in support of their motion to dismiss, and an opposition to plaintiff's motion for Rule 11 sanctions.  (ECF Nos. 15.)  Then, on May 8,

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  2014, plaintiff filed an additional, unauthorized brief approximately 30 minutes prior to the

2  hearing.  (ECF No. 17.)[2]

3       At the hearing, plaintiff appeared representing himself,[3] and attorney Furah Faruqui

4  appeared on behalf of defendants.  After considering the parties' briefing, the parties' oral

5  argument, and the applicable law, the court grants defendants' motion to dismiss, but with leave

6  to amend.

7  BACKGROUND

8       The background facts are taken from plaintiff's complaint, unless otherwise noted.  (See

9  ECF No. 1.)  Plaintiff alleges that on September 5, 2011, plaintiff, an unarmed 20-year old

10  African-American male, was visiting his friends' house.  The small group of friends gathering at

11  the house eventually turned into a "full blown house party," and at 11:20 p.m., defendant Vallejo

12  Police Department sergeant Brett Clark ordered several officers to force their way into the

13  residence.  Officers apparently entered the residence, yelling "get down."  Although plaintiff was

14  purportedly complying with the officers' orders to get down, defendant Vallejo Police

15  Department officer Dustin Joseph, without warning, deployed his taser in dart mode into

16  plaintiff's forehead just inches away from plaintiff's left eye.  Plaintiff allegedly experienced

17  excruciating pain, blurred vision, intense headaches, dizziness, and other substantial injuries.

18

---

19  [2] In light of plaintiff's *pro se* status, and in this one instance only, the court has considered
20  plaintiff's additional, unauthorized brief.  However, plaintiff is cautioned that any future brief or
   other document not filed in accordance with the court's Local Rules, including the briefing
   deadlines of Local Rule 230, may be summarily stricken.  Although the court is sympathetic to
21  the difficulties faced by a *pro se* litigant in representing himself in federal court, plaintiff is
   expected to review and comply with the Federal Rules of Civil Procedure and the court's Local
22  Rules.  Failure to do so may result in the imposition of sanctions, including potential dismissal of
   plaintiff's case.  A copy of the court's Local Rules may be obtained from the Clerk of Court or
23  online at http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

24

25  [3] At the hearing, plaintiff Frederick Marceles Cooley was accompanied by his father, Frederick
   Marc Cooley, who plaintiff claims acts as his legal assistant.  (See ECF No. 17 at 4.)  Plaintiff
26  orally requested that his father, a non-attorney, be allowed to represent him in this matter.  The
   court denies plaintiff's request, because non-attorneys are not permitted to represent litigants
27  other than themselves in federal court.  Thus, although plaintiff's father may accompany plaintiff
   to court hearings and provide moral assistance, plaintiff must sign his own pleadings and filings,
28  and must present his own oral argument at any court hearings.

1  Defendant Joseph then arrested plaintiff for a violation of California Penal Code section 148

2  (which criminalizes, *inter alia*, resisting, delaying or obstructing a police officer).

3       Liberally construed, plaintiff's complaint asserts 42 U.S.C. § 1983 claims for excessive

4  force in violation of the Fourth Amendment against officers Clark and Joseph, as well as a <u>Monell</u>

5  claim against the City of Vallejo, based on plaintiff's allegation that defendants Clark and

6  Joseph's actions reflect a longstanding municipal practice, policy, or custom of allowing police

7  officers to use excessive force.  Plaintiff seeks $20,000,000.00 in compensatory and punitive

8  damages, including damages for emotional distress.

9  <u>LEGAL STANDARD</u>

10       A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)

11  challenges the sufficiency of the pleadings set forth in the complaint.  <u>Vega v. JPMorgan Chase</u>

12  <u>Bank, N.A.</u>, 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009).  Under the "notice pleading" standard

13  of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and

14  plain statement" of plaintiff's claims showing entitlement to relief.  Fed. R. Civ. P. 8(a)(2); <u>see</u>

15  <u>also</u> <u>Paulsen v. CNF, Inc.</u>, 559 F.3d 1061, 1071 (9th Cir. 2009).  "To survive a motion to dismiss,

16  a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

17  is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v.</u>

18  <u>Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads

19  factual content that allows the court to draw the reasonable inference that the defendant is liable

20  for the misconduct alleged."  <u>Id.</u>

21       In considering a motion to dismiss for failure to state a claim, the court accepts all of the

22  facts alleged in the complaint as true and construes them in the light most favorable to the

23  plaintiff.  <u>Corrie v. Caterpillar, Inc.</u>, 503 F.3d 974, 977 (9th Cir. 2007).  The court is "not,

24  however, required to accept as true conclusory allegations that are contradicted by documents

25  referred to in the complaint, and [the court does] not necessarily assume the truth of legal

26  conclusions merely because they are cast in the form of factual allegations."  <u>Paulsen</u>, 559 F.3d at

27  1071.  The court must construe a *pro se* pleading liberally to determine if it states a claim and,

28  prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity

1    to cure them if it appears at all possible that the plaintiff can correct the defect.  See Lopez v.

2    Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

3    Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th

4    Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating

5    them under the standard announced in Iqbal).

6        In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally

7    consider only allegations contained in the pleadings, exhibits attached to the complaint, and

8    matters properly subject to judicial notice."  Outdoor Media Group, Inc. v. City of Beaumont, 506

9    F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted).  Although the court may not

10   consider a memorandum in opposition to a defendant's motion to dismiss to determine the

11   propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194,

12   1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding

13   whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

14   2003).

15   DISCUSSION

16       Defendants' motion to dismiss presently before the court does not challenge the

17   substantive adequacy of plaintiff's claims.  Instead, defendants argue that plaintiff's claims are

18   time barred under the applicable statute of limitations.

19       "In determining the proper statute of limitations for actions brought under 42 U.S.C. §

20   1983, we look to the statute of limitations for personal injury actions in the forum state."

21   Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).  As of January 1, 2003, California's

22   limitations period for personal injury actions is two (2) years.  Cal. Civ. Proc. Code § 335.1;

23   Maldonado, 370 F.3d at 954-55.  Federal law determines when a section 1983 claim accrues and

24   the applicable limitations period begins to run.  Maldonado, 370 F.3d at 955.  "Under federal law,

25   a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of

26   the action."  Id.  For purposes of a claim that police officers used excessive force during an arrest

27   or detention, the claim accrues on the date of the arrest or detention.  Cabrera v. City of

28   Huntington Park, 159 F.3d 374, 381 (9th Cir. 1998).

In this case, plaintiff's excessive force claims (and related <u>Monell</u> claim) accrued on

September 5, 2011, the day that he was allegedly tased and arrested, because plaintiff knew or

had reason to know of the purportedly unconstitutional conduct on that date.  However, plaintiff

did not commence this action until March 6, 2014.  (ECF No. 1.)  Under the applicable two-year

statute of limitations, plaintiff's claims are therefore time barred, unless the statute of limitations

was tolled.

State law governs the application of tolling doctrines.  <u>Torres v. City of Santa Ana</u>, 108

F.3d 224, 226 (9th Cir. 1997).  In his opposition to defendants' motion to dismiss, plaintiff

contends that the statute of limitations was tolled by California Government Code section 945.3.

That statute provides, in part, that:

> No person charged by indictment, information, complaint, or other
> accusatory pleading charging a criminal offense may bring a civil
> action for money or damages against a peace officer or the public
> entity employing a peace officer based upon conduct of the peace
> officer relating to the offense for which the accused is charged,
> including an act or omission in investigating or reporting the
> offense or arresting or detaining the accused, while the charges
> against the accused are pending before a superior court.
>
> Any applicable statute of limitations for filing and prosecuting these
> actions shall be tolled during the period that the charges are pending
> before a superior court.

Cal. Gov't Code § 945.3.  The Ninth Circuit has recognized that "[i]n California, the statute of

limitations for section 1983 actions is tolled by Cal. Gov't Code § 945.3 while criminal charges

are pending."  <u>Torres</u>, 108 F.3d at 226 (citation omitted).  Criminal charges are "pending" from

the date that the criminal charges are filed in court until the date of judgment.  <u>Id.</u> at 226-27.

In his opposition, plaintiff states, and attaches documentation showing, that the Solano

County District Attorney filed a felony complaint against plaintiff for possession for sale of

cocaine base on September 15, 2011,[4] and that judgment pursuant to a plea of no contest (along

---

[4] According to the exhibit attached to plaintiff's opposition, the felony complaint was signed on
September 15, 2011, and actually filed with the superior court on September 16, 2011.  (ECF No.
12 at 6-7.)  Although, as noted above, it is the date of *filing the charges with the court* that
matters for purposes of California Government Code section 945.3, the discrepancy of one day
has no significance in this case.

with a reservation of plaintiff's right to appeal the denial of a motion to suppress evidence) in that criminal case was entered on January 24, 2014.  (ECF No. 12 at 2-3, 6-7, 12.)  As such, plaintiff argues that the statute of limitations was tolled from September 15, 2011, to January 24, 2014, rendering his March 6, 2014 action timely.  Plaintiff further claims that defendants knew about the criminal charges, because the City of Vallejo sought and obtained a protective order in the criminal case concerning police officer records.  (ECF No. 12 at 9-10.)  Plaintiff thus contends that defendants' counsel should be sanctioned pursuant to Federal Rule of Civil Procedure 11 for filing a frivolous motion to dismiss.  (ECF No. 13.)

In their reply brief, defendants primarily rely on the Ninth Circuit's above-cited Cabrera decision to argue that section 945.3 tolling does not apply to plaintiff's excessive force claims.  In Cabrera, police officers responded to a call concerning a fight between the plaintiff's brother and the brother's girlfriend on August 7, 1992.  Cabrera, 159 F.3d at 377.  The plaintiff claimed that, although his only role was as a peacemaker, the police officers assaulted and battered him, and then falsely arrested and prosecuted him on charges of disturbing the peace and resisting arrest. Id.  The next day, on August 8, 1992, plaintiff was released pursuant to a notice to appear, and on August 25, 1992, criminal charges were filed against him in state court for resisting arrest and disturbing the peace.  Id.  The resisting arrest charge was dismissed prior to trial, and on April 27, 1994, the plaintiff was convicted of disturbing the peace and sentenced.  Id.  Thereafter, on April 12, 1995, the plaintiff filed a section 1983 action in federal district court against the city and police officers, alleging claims for false arrest, false imprisonment, excessive force, and official cover-up of Fourth Amendment violations resulting in obstruction of justice.  Id. at 377, 380. While the civil action was pending, the plaintiff's conviction was overturned, and on September 14, 1995, he was acquitted.  Id. at 377.  The district court ultimately dismissed the plaintiff's section 1983 claims as barred by the then-applicable one-year statute of limitations.  Id.

On appeal, the Ninth Circuit concluded that, pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), the plaintiff's false arrest and false imprisonment claims did not accrue until his conviction was invalidated on September 14, 1995, because a judgment for the plaintiff on those claims would necessarily imply the invalidity of his conviction and sentence.  Cabrera, 159 F.3d

6

at 380.  As such, the Ninth Circuit found that these claims were not time barred.  Id. at 381.  By

contrast, the Ninth Circuit noted that the plaintiff's claims for excessive force and official cover-

up of the alleged Fourth Amendment violations, "if successful, would not necessarily imply the

invalidity of his conviction.  Therefore, the general rule applies:  These claims accrued when

Cabrera knew or had reason to know of the injury."  Id. at 380-81.  Accordingly, the Ninth Circuit

found that the excessive force and official cover-up claims were barred by the statute of

limitations.

Relying on Cabrera, defendants argue that section 945.3 tolling does not apply to

plaintiff's excessive force claims.  Defendants misinterpret Cabrera, because the Ninth Circuit did

not hold that section 945.3 tolling was inapplicable to the Cabrera plaintiff's excessive force

claim—the Ninth Circuit instead focused on when the Cabrera plaintiff's different types of claims

*accrued* under the Ninth Circuit's interpretation of Heck.  Another district court in the Ninth

Circuit rejected a similar argument to the one made by defendants here:

> Defendants argue that plaintiff is not entitled to tolling under
> Section 945.3 for his excessive force claim.  They contend that, in
> *Cabrera v. Huntington*, the Ninth Circuit held that the plaintiff was
> not entitled to Section 945.3 tolling on his excessive force claim,
> because the claim accrued on the date of the arrest.  Defendants
> misconstrue the holding of *Cabrera*.  The Ninth Circuit in *Cabrera*
> concluded that Cabrera's excessive force claim was time-barred not
> because Section 945.3 tolling was inapplicable, but because it was
> insufficient to render the claim timely.  *Cabrera*, 159 F.3d at 381.
> Cabrera's excessive force claim accrued on August 7, 1992; he was
> released, pursuant to a notice to appear, on August 8, 1992; a
> criminal complaint was filed on August 25, 1992; he was convicted
> and sentenced on April 27, 1994; and he filed suit on April 12,
> 1995.  *Cabrera*, 159 F.3d at 377.  The Ninth Circuit held that
> Section 945.3 tolled the statute of limitations as of August 25, 1992,
> the day the criminal complaint was filed.  *Id.* at 379.  Because the
> statute of limitations ran from August 8, 1992 to August 25, 1992,
> and commenced running again on April 28, 1994, plaintiff's
> excessive force claim was untimely by one day.  *Id.* at 377, 381.

Hill v. City of Los Angeles, 2009 WL 2601250,  at *4 (C.D. Cal. Aug. 21, 2009) (unpublished).

Indeed, as Hill points out, the Ninth Circuit specifically stated that section 945.3 tolling

applied in the Cabrera case:  "Therefore, because the criminal complaint was not filed until

August 25, 1992, the district court *properly tolled the statute at that time*."  Cabrera, 159 F.3d at

379; see also Torres v. City of Santa Ana, 108 F.3d 224 (9th Cir. 1997) (finding excessive force

1    claim time barred, but only after applying section 945.3 tolling for period during which related

2    criminal charges for prowling and resisting an officer were pending before the state court).

3    Accordingly, the court rejects defendants' argument that section 945.3 tolling does not apply to

4    plaintiff's excessive force claims in light of Cabrera.[5]

5           Nevertheless, there appeared to be another reason why section 945.3 tolling might not

6    apply to plaintiff's claims.  As noted above, plaintiff's complaint alleges that he was tasered at a

7    party and arrested for violation of California Penal Code section 148 (resisting or obstructing a

8    police officer) on September 5, 2011.  (ECF No. 1.)  However, in his opposition, plaintiff

9    attempted to invoke section 945.3 tolling based on a felony complaint filed on September 16,

10   2011, which relates to a charge of possession for sale of cocaine base in violation of Section

11   11351.5 of the California Health and Safety Code, and which states that that drug crime was

12   committed on September 3, 2011.  (ECF No. 12 at 2-3, 6-7.)  Based on the different dates and the

13   different nature of the offenses, it appeared to the court that two separate, unrelated incidents

14   were involved.  If that were the case, plaintiff could not use his drug charge to toll the statute of

15   limitations for his excessive force claims, because the excessive force claims would not arise out

16   of the incident related to the drug charge.  Cal. Gov't Code § 945.3 (statute of limitations tolled

17   for a civil action against a peace officer where that action is "based upon conduct of the peace

18   officer *relating to the offense for which the accused is charged*") (emphasis added); see also

19   Torres, 108 F.3d at 227-28.

20          However, in his additional brief filed on May 8, 2014, and upon further questioning at the

21   hearing, plaintiff represented that his excessive force claims and drug charge actually derive from

22

23   _____

     [5] Regardless, the court finds that there is not a sufficient basis to conclude that the imposition of
24   Rule 11 sanctions against defendants' counsel is warranted.  As an initial matter, plaintiff's
     complaint on its face is time barred, because plaintiff's complaint did not include sufficient
25   factual allegations to invoke section 945.3 tolling.  Moreover, while the court ultimately
     concludes that defendants' counsel misinterpreted Cabrera in its reply to plaintiff's opposition,
26   the court is not persuaded that defendants' argument was presented for an improper purpose.  The
     questions of tolling presented in this case were not necessarily straightforward, and, as discussed
27   below, plaintiff himself injected some confusion into the matter by his pleading of different dates
     for the alleged drug crime and the taser incident.  Consequently, the court denies plaintiff's
28   motion for Rule 11 sanctions.

the same incident, i.e., that he was tasered, arrested, and that drugs were then allegedly found on his person, which was the basis for the felony drug charge.  (See ECF No. 17.)  Thus, it appears that plaintiff had inaccurately alleged the date of the taser incident, resulting in the above-mentioned confusion as to whether two separate incidents were involved.

In light of plaintiff's *pro se* status, the fact that he has not previously amended his complaint, and because it appears at least possible that plaintiff can correct the identified defects in an amended complaint, the court finds it appropriate to grant plaintiff leave to file an amended complaint.

If plaintiff elects to file an amended complaint, it shall comply with the following conditions and instructions:

(a)  The amended complaint shall be captioned "First Amended Complaint" and shall not exceed 20 pages.

(b)  The first amended complaint shall be limited to asserting claims for excessive force in violation of the Fourth Amendment under 42 U.S.C. § 1983 against defendant Clark and defendant Joseph, as well as a corresponding Monell claim against defendant City of Vallejo.

(c)  In addition to alleging the necessary facts in support of the above-mentioned claims, the first amended complaint shall set forth sufficient factual allegations plausibly showing that plaintiff's claims are not time barred, and that tolling under California Government Code section 945.3 applied to plaintiff's claims.  In particular, plaintiff shall clarify (i) the exact date of the tasering incident and alleged discovery of drugs on plaintiff's person; (ii) what criminal charges were subsequently filed against plaintiff in state court; (iii) when those charges were filed in state court; (iv) out of which incident those charges arose; and (v) when judgment was entered in plaintiff's criminal case.

Plaintiff is informed that the court cannot refer to a prior complaint, brief, exhibits, or other filing to make plaintiff's first amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Thus, once

9

1  the first amended complaint is filed, it supersedes the original complaint, which no longer serves

2  any function in the case.

3           Importantly, nothing in this order requires plaintiff to file a first amended complaint.  If

4  plaintiff determines that he does not wish to pursue the action at this juncture, he may instead file

5  a request for voluntary dismissal of the action without prejudice pursuant to Federal Rule of Civil

6  Procedure 41(a)(1)(A)(i).[6]

7  <u>CONCLUSION</u>

8           For the reasons outlined above, IT IS HEREBY ORDERED that:

9           1.   Plaintiff's motion for Rule 11 sanctions (ECF No. 13) is denied.

10          2.   Defendants' motion to dismiss plaintiff's complaint (ECF No. 9) is granted, but with

11                leave to amend.

12          3.   Within 30 days of this order, plaintiff shall file either (a) a first amended complaint in

13                compliance with this order or (b) a request for voluntary dismissal of the action

14                without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

15          4.   Defendants shall file a response to any first amended complaint within 30 days of

16                service with that pleading.

17          5.   Failure to file either a first amended complaint or a request for voluntary dismissal by

18                the required deadline may result in the imposition of any appropriate sanctions,

19                including monetary sanctions and/or potential dismissal of the action with prejudice

20                pursuant to Federal Rule of Civil Procedure 41(b).

21          IT IS SO ORDERED.

22  Dated:  May 12, 2014

23

24                                                            _____
                                                              KENDALL J. NEWMAN
25                                                            UNITED STATES MAGISTRATE JUDGE

26  _____
    [6] At the hearing, the question of whether plaintiff's claims in this action, if not untimely, may be
27  <u>Heck</u> barred was briefly raised.  Because that issue is not presently briefed before the court, and
    the court's record is inadequate to make such a determination, the court expresses no opinion on
28  the matter at this time.