UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:14-cv-0620-TLN-KJN PS<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

On June 16, 2014, plaintiff filed a motion for a temporary restraining order ("TRO"). (ECF No. 27.)[1] For the reasons discussed below, the court recommends that the motion for a TRO be denied.

Plaintiff, proceeding without counsel, initially commenced this 42 U.S.C. § 1983 action on March 6, 2014. (ECF No. 1.) The action arises from a September 2011 incident wherein defendant Vallejo Police Department sergeant Brett Clark allegedly ordered several officers to force their way into the house of plaintiff's friends, after which defendant Vallejo Police Department officer Dustin Joseph purportedly, without warning, deployed his taser in dart mode into plaintiff's forehead just inches away from plaintiff's eye, resulting in numerous injuries. Plaintiff asserts 42 U.S.C. § 1983 claims for excessive force in violation of the Fourth

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Amendment against officers Clark and Joseph, as well as a Monell claim against the City of Vallejo.  Plaintiff seeks $20,000,000.00 in compensatory and punitive damages, including damages for emotional distress.  (See generally Complaint, ECF No. 1; Civil Cover Sheet ECF No. 2; First Amended Complaint, ECF No. 20.)

On May 12, 2014, the court granted defendants' motion to dismiss plaintiff's original complaint on the basis that plaintiff's claims, as pled, were time barred under the applicable statute of limitations.  (ECF No. 19.)  However, the court granted plaintiff leave to file a first amended complaint which demonstrates that plaintiff's claims were not time barred, and that tolling under California Government Code section 945.3 applied to plaintiff's claims.  (Id.) Subsequently, on May 19, 2014, plaintiff filed a first amended complaint (ECF No. 20), and on June 16, 2014, defendants filed a motion to dismiss the first amended complaint, which remains pending and is presently set for hearing on July 24, 2014.  (ECF No. 22.)  That motion contends that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).  (Id.)

Then, that same day, on June 16, 2014, plaintiff filed the instant motion for a TRO.  (ECF No. 27.)  Plaintiff essentially requests the court to enjoin and restrain defendant officer Joseph and all other City of Vallejo police officers from conducting unconstitutional detentions, "Terry Stops," searches, and seizures.  (ECF No. 27-1.)  Plaintiff also requests that defendant officer Joseph and a non-party officer, S. Kerr, be restrained from knowingly coming within 1000 feet of plaintiff "for any reason."  (Id.)

A temporary restraining order, as a form of injunctive relief, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Niu v. United States, 821 F. Supp. 2d 1164, 1168 (C.D. Cal. 2011) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)).  The court may grant a TRO where the moving party is "likely to succeed on the merits,…likely to suffer irreparable harm in the absence of preliminary relief,…the balance of equities tips in his [or her] favor, and…an injunction is in the public interest."  Winter, 555 U.S. at 20; see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (analysis for temporary restraining orders and preliminary injunctions is "substantially identical").  "Under the sliding scale approach…the elements…are

balanced, so that a stronger showing of one element may offset a weaker showing of another." Pimentel v. Dreyfus, 670 F.3d 1096, 1105 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011) (preliminary injunction appropriate when a moving party demonstrates that "serious questions going to the merits were raised and the balance of hardships tips sharply in the [moving party's] favor," assuming other Winter elements are also met).

In this case, it is difficult to make a determination regarding likelihood of success on the merits, especially in light of the potential Heck bar of this action raised by defendants' pending motion to dismiss. That said, plaintiff has not yet had an opportunity to oppose that motion, and the court in no way prejudges the outcome of the motion to dismiss prior to the completion of full briefing. However, even assuming *arguendo* that plaintiff has raised at least serious questions going to the merits, the court finds that the other Winter elements counsel against issuance of a TRO.

Plaintiff argues that he is likely to suffer irreparable harm absent preliminary relief, because he contends that "there is a real probability that Defendant Dustin Joseph will create a violent encounter with Plaintiff in the future." (ECF No. 27 at 2.) Plaintiff's contention is based on a recent June 10, 2014 incident where he was allegedly unjustifiably stopped, detained, and threatened in the parking lot of a Safeway store by defendant Joseph and non-party officer S. Kerr, and was ultimately booked on a charge for possession of a controlled substance, with his vehicle being towed. (See Declaration of Frederick Marceles Cooley, ECF No. 26 ["Pl's Decl."] ¶¶ 13-32, 35.) However, the merits of that recent incident is not before the court in this action, and the court cannot on the present record determine whether the officers' conduct in that incident was unconstitutional or lawful under the circumstances. Although plaintiff alleges that defendant Joseph made remarks to plaintiff regarding this litigation during the June 10, 2014 encounter, there is no indication that defendant Joseph is planning any other specific actions against plaintiff or that any other harm against plaintiff is imminent.

Additionally, the court finds that the requested injunctive relief would not be in the public interest. Plaintiff's request that defendant Joseph and non-party officer S. Kerr be restrained from

knowingly coming within 1000 feet of plaintiff "for any reason" would unduly interfere with law enforcement operations in the City of Vallejo and thereby negatively impact public safety. These officers may well need to come into contact with plaintiff for legitimate reasons as part of their law enforcement activities, and the City of Vallejo should not be required to reallocate police resources based on plaintiff's particular location. To the extent that plaintiff requests that officers be generally restrained from engaging in unconstitutional stops, detentions, searches, and seizures, an injunction is unnecessary, because they are already required to comply with applicable constitutional and other law, and can be held liable for any violations.

Finally, in light of the court's finding that plaintiff is not likely to suffer irreparable harm absent preliminary relief, and that plaintiff's requested relief would unduly interfere with law enforcement operations and public safety, the court also concludes that the balance of equities does not tip in plaintiff's favor.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a TRO (ECF No. 27) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated: June 20, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE