1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FREDERICK MARCELES COOLEY,            No.  2:14-cv-0620-TLN-KJN PS

12                  Plaintiff,

13          v.                             FINDINGS AND RECOMMENDATIONS

14   CITY OF VALLEJO, et al.,

15                  Defendants.

16

17   INTRODUCTION

18          Presently pending before the court is defendants City of Vallejo, Brett Clark, and Dustin

19   Joseph's ("defendants") motion to dismiss plaintiff Frederick Marceles Cooley's ("plaintiff") first

20   amended complaint.  (ECF No. 22.)[1]  The motion was filed on June 16, 2014, and noticed for

21   hearing on July 24, 2014.  (Id.)  On June 23, 2014, plaintiff, who proceeds without counsel, filed

22   an opposition to the motion, and on July 16, 2014, defendants filed a reply brief.  (ECF Nos. 30,

23   31.)  Subsequently, on July 22, 2014, the motion was submitted without oral argument pursuant

24   to Local Rule 230(g).  (ECF No. 32.)

25          After carefully considering the parties' briefing, the court's record, and the applicable law,

26   the court recommends that defendants' motion to dismiss be denied.

27   _____

28   [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).

                                    1

BACKGROUND

The background facts are taken from plaintiff's first amended complaint, unless otherwise noted.  (See First Amended Complaint, ECF No. 20.)  Plaintiff alleges that on September 3, 2011, plaintiff, an unarmed 20-year old African-American male, was visiting his friends' house.  The small group of friends gathering at the house eventually turned into a "full blown house party," and at 11:20 p.m., defendant Vallejo Police Department sergeant Brett Clark allegedly ordered several officers to force their way into the residence.  Officers apparently entered the residence, yelling "get down."  Although plaintiff claims that he complied with the officers' orders to get down, defendant Vallejo Police Department officer Dustin Joseph purportedly, without warning, deployed his taser in dart mode into plaintiff's forehead just inches away from plaintiff's eye, resulting in numerous alleged injuries, including excruciating pain, blurred vision, intense headaches, and dizziness.

Defendant Joseph then arrested plaintiff, and claims to have discovered cocaine on plaintiff's person in the course of a search conducted incident to the arrest.  Plaintiff was booked into the Solano County Detention Center on violations of California Health and Safety Code section 11351.5 (possession of cocaine base for sale) and California Penal Code section 148 (resisting, delaying, or obstructing a police officer).  Subsequently, on September 16, 2011, the Solano County District Attorney's Office filed a felony complaint alleging that plaintiff committed the felony of possessing cocaine base for sale.

In the course of plaintiff's criminal case in state court, plaintiff filed a motion to suppress the evidence of the cocaine base purportedly found on plaintiff's person during the September 3, 2011 incident as fruit of an allegedly illegal detention, search, and seizure under the Fourth Amendment.[2]  Defendants attached portions of the reporter's transcript from the motion to

---

[2] Pursuant to defendants' request (ECF No. 23), the court takes judicial notice of the briefs filed in the state court criminal case concerning the motion to suppress, as well as portions of the reporter's transcript of the August 20, 2012 hearing conducted on the motion to suppress.  (ECF No. 23-1.)  A court may take judicial notice of court filings and other matters of public record, which are not subject to reasonable dispute.  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).  However, for purposes of the present motion, the court merely takes judicial notice of the existence of these documents to show that

1    suppress hearing to their request for judicial notice, but for unknown reasons, did not attach the

2    entire transcript, which would have been helpful in providing the full context of the testimony at

3    the hearing and the state court's findings.  Nevertheless, it appears that, under defendants' version

4    of events, plaintiff failed to comply with the officer's direction to stay on the ground and not

5    move his hands, but instead looked back and forth, and then reached towards his waistband, at

6    which point he was tased.  (ECF No. 23-1 at 21.)  The state court denied the motion to suppress,

7    ostensibly finding, *inter alia*, that the police did not use excessive force in detaining and arresting

8    plaintiff under the circumstances:

9
10              I don't find unreasonable that they ordered the individuals in the
                house to the ground, as there is certainly officer safety issues.  In
11              this situation, the defendant's actions of moving, ultimately his
                hands going to his waistband, I don't find to be unreasonable what
                the officer ultimately did to address that situation, given the fact
12              that   there   were   shots   fired   and   corroboration   of   that.

13   (Id. at 24.)

14          Ultimately, the state court entered judgment in plaintiff's criminal case on January 24,

15   2014, pursuant to a plea of no contest and a reservation of plaintiff's right to appeal the denial of

16   the motion to suppress evidence.  (See ECF No. 12 at 3, 12.)  Plaintiff represents that such an

17   appeal is presently pending in the state appellate court.

18          Plaintiff then commenced this action on March 6, 2014.  In the operative first amended

19   complaint, plaintiff asserts 42 U.S.C. § 1983 claims for excessive force in violation of the Fourth

20   Amendment against defendants Clark and Joseph, as well as a Monell claim against defendant

21   City of Vallejo.  Plaintiff seeks compensatory and punitive damages, including damages for

22   emotional distress.

23   DISCUSSION

24          In their present motion to dismiss plaintiff's first amended complaint, defendants contend

25   that plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994).

26   ////

27

28   certain arguments were made and certain rulings were issued, and does not necessarily assume the
     truth of the documents' factual contents.

The United States Supreme Court in <u>Heck</u> held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

<u>Heck</u>, 512 U.S. at 486-87. Thus, the district court:

> must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u> at 487.

Defendants argue that "there is little doubt that if Plaintiff proceeds with his claim and proves that the force used to carry out the search and obtain the seized evidence was unreasonable, the validity of his conviction of possession for sale of cocaine base would be implicated." (ECF No. 22 at 4) (citing <u>Ellis v. City of San Diego</u>, 176 F.3d 1183, 1192 (9th Cir. 1999) (noting that even if a search was supported by probable cause and exigent circumstances, it is still unreasonable if the degree of force employed to carry it out is excessive); <u>Franklin v. Foxworth</u>, 31 F.3d 873, 875 (9th Cir. 1994) (holding that "even when supported by probable cause, a search or seizure may be invalid if carried out in an *unreasonable* fashion")). In turn, plaintiff argues that his claims in this case would not implicate the validity of his state court criminal judgment, because that conviction was based not on the fruits of the allegedly illegal detention, search, and seizure, but instead on plaintiff's no contest plea. After reviewing more recent Ninth Circuit case authorities pertaining to the issue, the court concludes that the <u>Heck</u> bar does not apply to this action.

////

4

To be sure, the Ninth Circuit appears to have historically applied the <u>Heck</u> bar in cases where the conviction at issue was based upon a guilty or no contest plea.  <u>See,e.g.</u>, <u>Szajer v. City of Los Angeles</u>, 632 F.3d 607 (9th Cir. 2011) (no contest plea); <u>Whitaker v. Garcetti</u>, 486 F.3d 572 (9th Cir. 2007) (guilty plea); <u>Guerrero v. Gates</u>, 442 F.3d 697 (9th Cir. 2006) (guilty plea).  However, in its most recent published decision in <u>Lockett v. Ericson</u>, 656 F.3d 892 (9th Cir. 2011), the Ninth Circuit apparently departed from those prior precedents.

In <u>Lockett</u>, the plaintiff attempted to drive home after his birthday party, but his car slid off the road near his house.  <u>Lockett</u>, 656 F.3d at 894.  He then left his car by the road, and walked to his house.  <u>Id.</u>  Police later came to and eventually entered the plaintiff's house, where they discovered the plaintiff lying fully dressed in bed with a strong smell of alcohol.  <u>Id.</u>  After the plaintiff failed to satisfactorily complete a field sobriety test, he was arrested and underwent a breathalyser test, which revealed that plaintiff exceeded the applicable legal limit for driving.  <u>Id.</u>  Subsequently, the plaintiff was charged with offenses related to driving under the influence of alcohol.  <u>Id.</u>  After the state court denied a motion to suppress the evidence supporting the prosecution's case, which the plaintiff claimed was obtained without a warrant in violation of the Fourth Amendment, the plaintiff entered a no contest plea to a lesser offense.  <u>Id.</u> at 894-95.

The <u>Lockett</u> plaintiff commenced a 42 U.S.C. § 1983 action in federal court based on the same incident, which the district court ultimately dismissed as <u>Heck</u> barred.  <u>Lockett</u>, 656 F.3d at 895.  However, on appeal, the Ninth Circuit reversed that dismissal, reasoning that:

> Lockett pled nolo contendere after the superior court denied his California Penal Code section 1538.5 suppression motion.  He was not tried, and no evidence was introduced against him.  Therefore,…Lockett's conviction derives from his plea, not from a verdict obtained with supposedly illegal evidence.  The validity of Lockett's conviction does not in any way depend upon the legality of the search of his home.  We therefore hold that *Heck* does not bar Lockett's § 1983 claim.

<u>Id.</u> at 896-97 (internal citations and quotation marks omitted).

Defendants contend that <u>Lockett</u> is factually distinguishable, because unlike the act of driving under the influence with the temporally and spacially separate search of the <u>Lockett</u> plaintiff's home, the instant case involved a continuous chain of events.  Defendants also argue

5

1    that Lockett involved a California Vehicle Code violation, whereas this case involves a California

2    Health and Safety Code violation.  These arguments are unpersuasive, because the Ninth Circuit's

3    decision in Lockett did not turn on the factual niceties of that case, but instead on the means by

4    which the criminal judgment was obtained.  Indeed, the Ninth Circuit appears to have broadly

5    held that a no contest plea to criminal charges does not lead to a Heck bar of a subsequent civil

6    rights action.  Furthermore, a recent 2014 decision from the Ninth Circuit again cited approvingly

7    to Lockett, noting its holding that "a plaintiff who pled *nolo contendere* to reckless driving was

8    not *Heck*-barred from bringing a § 1983 claim based on an alleged unlawful search because the

9    outcome of the claim had no bearing on the validity of the plaintiff's plea."  Jackson v. Barnes,

10   749 F.3d 755, 760 (9th Cir. 2014).

11          Admittedly, there appears to be some confusion concerning application of the Heck bar in

12   the context of no contest pleas.  As another district court pointed out, Lockett does not comport

13   with earlier Ninth Circuit precedents, such as Szajer, Whitaker, and Guerrero, cited above,

14   applying the Heck bar even where the plaintiff's conviction was based upon guilty or no contest

15   pleas.  See Leon v. San Jose Police Dep't, 2013 WL 5487543, at *4 (N.D. Cal. Sept. 30, 2013).

16   Notably, Lockett does not acknowledge those prior cases or purport to expressly overrule them,

17   even though Szajer was decided only months earlier.[3]  To further muddy the waters, in a post-

18   Lockett decision, another Ninth Circuit panel affirmed application of the Heck bar by a district

19   court, observing that "[w]e have repeatedly found *Heck* to bar § 1983 claims, even where the

20   plaintiff's prior convictions were the result of guilty or no contest pleas."  Radwan v. County of

21   Orange, 519 Fed. App'x 490, 490-91 (9th Cir. May 21, 2013).  However, that decision is

22

---

23   [3] For purposes of its analysis, Lockett placed significant reliance on Ove v. Gwinn, 264 F.3d 817
     (9th Cir. 2001), in which the Ninth Circuit previously held that Heck did not bar a section 1983
24   action brought by plaintiffs who had pled no contest to driving under the influence.  But as
     another district court pointed out: "the Ove plaintiffs' § 1983 suit concerned matters that were
25   entirely ancillary to their criminal convictions.  They claimed that for blood draws, defendants
     used employees who were not licensed, qualified, or permitted to draw blood or handle syringes
26   under California law.  264 F.3d at 820.  Success on the blood draw claims therefore would not
     implicate the validity of their convictions.  The plaintiff in *Lockett*, by contrast, apparently
27   challenged the search for and seizure of the very evidence that led to the criminal charges against
     him."  Leon, 2013 WL 5487543, at *4 n.6.
28

                                                    6

1  unpublished and generally does not constitute precedent.  See 9th Cir. R. 36-3.

2       Like the district court in Leon, this court does not agree that a no contest plea should

3  automatically insulate a subsequent section 1983 action from Heck's reach.  Leon, 2013 WL

4  5487543, at *4.  Nevertheless, as the Leon court also acknowledged, Lockett is binding upon a

5  district court as the most recent published decision from the Ninth Circuit addressing the issue.

6  Because the conviction involved in this case was likewise based on a no contest plea, plaintiff's

7  claims are not Heck barred under Lockett's rationale.[4]

8  CONCLUSION

9       Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

10      1.  Defendants' motion to dismiss plaintiff's first amended complaint (ECF No. 22) be

11         denied.

12      2.  Defendants be required to answer plaintiff's first amended complaint within 21 days

13         of an order adopting these findings and recommendations, assuming that they are

14         adopted.  The court will set a status conference in this matter once the pleadings are

15         settled.

16      These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

18  days after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

21  shall be served on all parties and filed with the court within fourteen (14) days after service of the

22  objections.  The parties are advised that failure to file objections within the specified time may

23  ////

24  ////

25  ////

26  ---

27  [4] Without prejudging the matter, it may be that defendants could ultimately, on a motion for summary judgment or other appropriate motion, show that plaintiff's claims are barred by the doctrine of issue preclusion or collateral estoppel, based on matters decided in the state court

28  criminal case.  However, such issues are for another day.

1  waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th

2  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

3       IT IS SO RECOMMENDED.

4  Dated:  July 29, 2014

5

6                                          KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8