UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY, | No. 2:14-cv-0620 TLN KJN PS |
| Plaintiff, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

    Presently pending before the court is a motion filed by Frederick Marc Cooley, the biological father of now-deceased plaintiff Frederick Marceles Cooley, to be substituted as the plaintiff in this action. (ECF No. 58.)[1] Defendants filed an opposition to the motion, and Mr. Cooley[2] filed a reply brief. (ECF Nos. 59, 60.)[3]

    For the reasons discussed below, the court DENIES the motion without prejudice.

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Due to the similarity in names, the court, for purposes of this order, refers to now-deceased plaintiff Frederick Marceles Cooley as "Decedent," and to his father Frederick Marc Cooley as "Mr. Cooley."

[3] The motion was deemed suitable for resolution without oral argument, and was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 61.)

1

1  Federal Rule of Civil Procedure 25 provides, in part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

In this case, the parties do not dispute that Decedent died. On April 23, 2015, defendants filed and served a statement of death, indicating that Decedent died on April 22, 2015. (ECF No. 56.) Mr. Cooley states that, although a death certificate has not yet been issued, he agrees with defendants that Decedent died on April 22, 2015. (ECF No. 58-2, ¶ 4; ECF No. 60 at 7.)

Additionally, the parties agree that Decedent's claims were not extinguished by his death. Decedent's operative first amended complaint asserts 42 U.S.C. § 1983 claims for excessive force in violation of the Fourth Amendment against the police officer defendants, as well as a Monell claim against defendant City of Vallejo. (ECF No. 20.) "A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006). Generally, under California law, "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20(a). Therefore, Decedent's claims survive.

Furthermore, the parties do not dispute that Mr. Cooley's motion was timely. On April 24, 2015, the court, pursuant to Federal Rule of Civil Procedure 25(a), ordered that Decedent's "successor or representative shall file a motion for substitution within ninety (90) days from the date of this order." (ECF No. 57.) Mr. Cooley's motion, filed on May 28, 2015, was thus clearly timely.

However, the pertinent question in this case is whether Mr. Cooley has satisfactorily shown that he is the proper party for substitution. Notably, the court's April 24, 2015 order specifically directed that any motion for substitution "shall be supported by briefing and adequate supporting documentation permitting the court to ascertain and verify that the movant is the

proper successor or representative under applicable probate or intestate succession law." (ECF No. 57.)

Under California law, a surviving cause of action passes to the decedent's estate. Tatum, 441 F.3d at 1094 n.2 (citing Cal. Civ. Proc. Code § 377.30). Pursuant to California Code of Civil Procedure section 377.30, the surviving cause of action may be prosecuted by the decedent's personal representative or, if none, by the decedent's successor in interest. Cal. Civ. Proc. Code § 377.30. "The 'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate. The personal representative may be the executor, who is the person named as such in the decedent's will, or it may be the successor to the executor, or an administrator appointed by the court where the decedent died without a will naming an executor." Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore, 162 Cal. App. 4th 1331, 1340 n.2 (2008). Here, Mr. Cooley does not claim to be an appointed executor or administrator of Decedent's estate—indeed, he represents that no proceeding is presently pending in California for administration of Decedent's estate. (ECF No. 60 at 6.) As such, the present record does not show that Mr. Cooley qualifies as a personal representative of Decedent's estate.

Nevertheless, as noted above, "[w]here there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law…." Tatum, 441 F.3d at 1094 n.2. California Code of Civil Procedure section 377.32 provides that "[t]he person who seeks to…continue a pending action or proceeding as the decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury" providing specific types of information. Cal. Civ. Proc. Code § 377.32(a). Such required information includes a statement, "*with facts in support thereof*," that "[t]he affiant or declarant is the decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeeds to the decedent's interest in the action or proceeding." Id. § 377.32(a)(5)(A) (emphasis added).

Here, Mr. Cooley's motion and supporting declarations fail to comply with that requirement, because they provide no factual basis for Mr. Cooley's mere conclusory assertion

that he is Decedent's successor in interest.  Such failure does not simply amount to noncompliance with a minor technicality – in the absence of an appointed representative of Decedent's estate, it is vitally important for the court to ascertain and verify that Mr. Cooley is indeed a proper successor in interest and that there are no other potential successors in interest whose rights have to be considered.  Such verification is not possible without a proper factual showing by Mr. Cooley.[4]

A decedent's successor in interest is defined as "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."  Cal. Civ. Proc. Code § 377.11.  In turn, the term "beneficiary of the decedent's estate" means:

> (a) If the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under the decedent's will.
>
> (b) If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code….

Cal. Civ. Proc. Code § 377.10.  Under the California Probate Code, parents of a decedent who died intestate inherit only if the decedent has no surviving spouse/domestic partner and no issue (children), in which case the parents take equally.  Cal. Prob. Code § 6402(a)-(b).  If Mr. Cooley wishes to renew his motion to substitute, such a motion shall include, *inter alia*, a declaration under penalty of perjury sufficiently addressing the above matters.

As an initial matter, Mr. Cooley shall indicate whether or not Decedent had a will, as well as his factual basis for that knowledge.  A mere conclusory statement that Mr. Cooley was Decedent's father is insufficient.  Mr. Cooley shall set forth what specific efforts he made to ascertain whether a will exists, including who he spoke with and what searches he conducted.

---

[4] Mr. Cooley appears to suggest that his previous assistance to Decedent with the litigation (acting as his non-lawyer "legal assistant") somehow qualifies Mr. Cooley as a successor in interest.  (ECF No. 60.)  That contention is unsupported by any legal authority and is simply incorrect.

In the event that Decedent did not leave a will, Mr. Cooley shall state whether or not Decedent has a surviving spouse, domestic partner, or any children, along with a sufficient factual basis for such knowledge. Again, given that Decedent was a young adult, a mere conclusory statement that Mr. Cooley has such knowledge because he was Decedent's father is insufficient. Mr. Cooley shall outline specific facts regarding the inquiries he made and the investigation he conducted; for example, whether a public records search revealed the existence of any surviving spouse, domestic partner, or children.

Finally, in the event that no surviving spouse, domestic partner, or any children exist, the court notes that Decedent's birth certificate provided by Mr. Cooley lists Decedent's father as Mr. Cooley and Decedent's mother as "Celestein Lavonda Tyson." (ECF No. 58 at 4.) Unless Ms. Tyson has died or disclaims any interest in Decedent's claims in this litigation, Ms. Tyson and Mr. Cooley would both be successors in interest, and would both have to substitute in as plaintiffs. Therefore, Mr. Cooley shall specifically state whether or not Ms. Tyson is still alive and the factual basis for such knowledge (i.e., specific facts regarding the inquiries he made and the investigation he conducted). If Ms. Tyson is still alive, she shall either join in any motion to substitute, or Mr. Cooley shall submit a declaration from Ms. Tyson under penalty of perjury stating that she disclaims any interest she may have with respect to Decedent's claims in this litigation.

If Mr. Cooley elects to file a renewed motion to substitute, it shall strictly comply with the above requirements and shall be filed within the timeframe outlined in the court's prior April 24, 2015 order.

Accordingly, IT IS HEREBY ORDERED that Mr. Cooley's motion to substitute (ECF No. 58) is DENIED without prejudice.

Dated: June 19, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5