UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No. 2:14-cv-0620 TLN KJN PS<br><br>ORDER |

Presently pending before the court is an amended motion to substitute filed by Frederick Marc Cooley and Celestein Lavonda Tyson, the biological parents of now-deceased plaintiff Frederick Marceles Cooley[1], requesting to be substituted as plaintiffs in this action. (ECF No. 63.)[2] For the reasons discussed below, the court DENIES the motion.[3]

---

[1] Due to the similarity in names, the court, for purposes of this order, refers to now-deceased plaintiff Frederick Marceles Cooley as "Decedent," and to his father Frederick Marc Cooley as "Mr. Cooley." Decedent's biological mother, Celestein Lavonda Tyson, is referred to as "Ms. Tyson." Decedent's minor child, Frederick Marceles Cooley Jr., is referred to as "FMC, Jr."

[2] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

[3] The court finds the motion suitable for resolution without oral argument pursuant to Local Rule 230(g).

1

After the court, in response to the statement of Decedent's death filed by defendants, issued an April 24, 2015 order requiring any motion for substitution to be filed within 90 days of that order, Mr. Cooley filed his original motion for substitution on May 28, 2015.  (ECF Nos. 56-58.)  On June 19, 2015, the court denied that motion without prejudice.  (ECF No. 62.)

In its June 19, 2015 order, the court noted that there was no dispute that Decedent had died, and also found that Decedent's claims were not extinguished by his death.[4]  Nevertheless, because Mr. Cooley had not demonstrated that he was Decedent's successor in interest under applicable probate or intestate succession law, and thus the proper party for substitution, the court denied the motion.  However, the denial was without prejudice to the refiling of a properly-supported motion.  The court outlined the applicable law with respect to successors in interest, and directed that any renewed motion for substitution be supported by an adequate factual showing concerning Mr. Cooley's claimed status as successor in interest, as outlined in greater detail in the court's June 19, 2015 order.  (See ECF No. 62.)

Thereafter, on July 22, 2015, Mr. Cooley and Ms. Tyson filed the instant amended motion for substitution.  (ECF No. 63.)  As Decedent's biological parents, the movants claim to be successors in interest to Decedent.  However, the evidence submitted along with their motion actually refutes that claim.  The declarations of Mr. Cooley and Ms. Tyson, as well as the report of an investigator that was retained by Mr. Cooley to investigate Decedent's affairs, indicate that Decedent died without a will and was not married at the time of his death, but that Decedent is survived by one child, his three-year-old son, FMC Jr., who presently lives with his biological mother, Jenifer Johnson.  (See ECF No. 63, Exs. A-C.)  As the court explained in its previous June 19, 2015 order, under the California Probate Code, parents of a decedent who died intestate (without a will) inherit *only if* the decedent has no surviving spouse/domestic partner and *no issue (children),* in which case the parents take equally.  (ECF No. 62 at 4 (citing Cal. Prob. Code § 6402(a)-(b)).  Because Decedent here is survived by a child (FMC Jr.), Decedent's parents inherit nothing.  Instead, based on the record before the court, FMC Jr. is Decedent's proper successor in

---

[4] The court's analysis with respect to Mr. Cooley's original motion for substitution is outlined in detail in the court's June 19, 2015 order and is incorporated here by reference.  (See ECF No. 62.)

1  interest.  Therefore, the court denies the motion for substitution filed by Mr. Cooley and Ms.
2  Tyson, because they are not Decedent's successors in interest.

3        Although FMC Jr. is Decedent's successor in interest, FMC Jr. is a minor and thus does
4  not have the capacity to step into Decedent's shoes and prosecute Decedent's surviving claims.
5  To be sure, the court may appoint a guardian ad litem for FMC Jr., but the guardian ad litem
6  would have to retain a licensed attorney to prosecute the surviving claims in federal court on
7  behalf of the minor.  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e
8  hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining
9  a lawyer."); Estate of Laffoon v. Christianson, 2011 WL 1743645, at *1 (E.D. Cal. Feb. 22, 2011)
10 ("[A] non-attorney parent or guardian cannot bring a lawsuit in federal court on behalf of a minor
11 or incompetent without retaining a lawyer.  This is so because the minor's right to trained legal
12 assistance is greater than the parent's right to appear pro se.").

13       At this time, the 90-day period to file a motion for substitution has expired, subjecting
14 Decedent's claims to dismissal.  See Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be
15 made by any party or by the decedent's successor or representative.  If the motion is not made
16 within 90 days after service of a statement noting the death, the action by or against the decedent
17 must be dismissed.").  Nevertheless, because attempts to substitute were made during the 90-day
18 period and because related efforts have now revealed Decedent's proper successor in interest, the
19 court exercises its discretion to grant a limited extension of time to allow FMC, Jr. to move for
20 substitution.  However, <u>any such motion shall be accompanied by a motion to appoint an
21 appropriate guardian ad litem for FMC, Jr. in accordance with Local Rule 202, Federal Rule of
22 Civil Procedure 17, and other applicable law</u>, *and shall be filed by a licensed attorney who has*
23 *been retained to prosecute the surviving claims and who files a notice of appearance as counsel*
24 *in the action.*[5]

---

25 [5] Assuming that FMC, Jr.'s biological mother, Jenifer Johnson, affirmatively consents, Mr.
26 Cooley or Ms. Tyson may potentially apply for appointment as FMC, Jr.'s guardian ad litem,
   provided that they are appropriately qualified.  The court expresses no opinion on such an
27 application at this juncture.  However, neither Mr. Cooley nor Ms. Tyson can potentially proceed
   as guardian ad litem without retaining a licensed attorney to represent them in prosecuting the
28 surviving claims on FMC, Jr.'s behalf.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The amended motion for substitution (ECF No. 63) is DENIED and the August 20, 2015 hearing on the motion is VACATED.
2. Any motion for substitution by FMC, Jr., accompanied by a motion to appoint a guardian ad litem, shall be filed by a licensed attorney in accordance with the terms of this order no later than September 3, 2015.
3. If a proper motion for substitution is not filed by September 3, 2015, the court will issue findings and recommendations for dismissal of the action.

IT IS SO ORDERED.

Dated:  July 28, 2015

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE