UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK MARCELES COOLEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No.  2:14-cv-620 TLN KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

On April 23, 2015, defendants filed and served a statement of death, indicating that plaintiff Frederick Marceles Cooley (hereafter "Decedent") had died on April 22, 2015.  (ECF No. 56.)[1]  Federal Rule of Civil Procedure 25 provides, in part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  Accordingly, on April 24, 2015, the court issued an order requiring

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff's successor or representative to file a motion for substitution within ninety (90) days from the date of that order. (ECF No. 57.) The motion was required to "be supported by briefing and adequate supporting documentation permitting the court to ascertain and verify that the movant is the proper successor or representative under applicable probate or intestate succession law." (Id.) The court's April 24, 2015 order cautioned that "[f]ailure to file such a motion by the required deadline will result in a recommendation that the action be dismissed." (Id.)

On May 28, 2015, Frederick Marc Cooley, the biological father of Decedent (hereafter "Mr. Cooley") filed a motion to be substituted as the plaintiff in this action. (ECF No. 58.) Subsequently, on June 19, 2015, the court denied that motion without prejudice. (ECF No. 62.) In its June 19, 2015 order, the court noted that there was no dispute that Decedent had died, and also found that Decedent's claims were not extinguished by his death.[2] (Id.) Nevertheless, because Mr. Cooley had not demonstrated that he was Decedent's successor in interest under applicable probate or intestate succession law, and thus the proper party for substitution, the court denied the motion. (Id.) However, the denial was without prejudice to the refiling of a properly-supported motion. (Id.) The court outlined the applicable law with respect to successors in interest, and directed that any renewed motion for substitution be supported by an adequate factual showing concerning Mr. Cooley's claimed status as successor in interest, as outlined in greater detail in the court's June 19, 2015 order. (Id.)

Thereafter, on July 22, 2015, Mr. Cooley and Celestein Lavonda Tyson (Decedent's biological mother, hereafter "Ms. Tyson") filed an amended motion for substitution. (ECF No. 63.) On July 28, 2015, the court denied that motion, reasoning that the evidence submitted along with the motion refuted the claim that Mr. Cooley and Ms. Tyson were Decedent's proper successors in interest:

> The declarations of Mr. Cooley and Ms. Tyson, as well as the report of an investigator that was retained by Mr. Cooley to investigate Decedent's affairs, indicate that Decedent died without a will and was not married at the time of his death, but that Decedent is survived by one child, his three-year-old son, FMC Jr., who

---

[2] The court's analysis with respect to Mr. Cooley's original motion for substitution is outlined in detail in the court's June 19, 2015 order and is incorporated here by reference. (See ECF No. 62.)

        presently lives with his biological mother, Jenifer Johnson.  (See ECF No. 63, Exs. A-C.)  As the court explained in its previous June 19, 2015 order, under the California Probate Code, parents of a decedent who died intestate (without a will) inherit *only if* the decedent has no surviving spouse/domestic partner and *no issue (children),* in which case the parents take equally.  (ECF No. 62 at 4 (citing Cal. Prob. Code § 6402(a)-(b)).  Because Decedent here is survived by a child (FMC Jr.), Decedent's parents inherit nothing.  Instead, based on the record before the court, FMC Jr. is Decedent's proper successor in interest.

(ECF No. 65 at 2-3.)

        The court also addressed the possibility of FMC Jr. substituting in as the plaintiff in this action.  (ECF No. 65 at 3.)  The court noted that, because FMC Jr. is a minor, a guardian ad litem would have to be appointed for him, and the guardian ad litem would have to retain a licensed attorney to prosecute the surviving claims in federal court on behalf of FMC Jr., if FMC Jr. were to move to substitute.  (Id.)  See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[W]e hold that a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."); Estate of Laffoon v. Christianson, 2011 WL 1743645, at *1 (E.D. Cal. Feb. 22, 2011) ("[A] non-attorney parent or guardian cannot bring a lawsuit in federal court on behalf of a minor or incompetent without retaining a lawyer.  This is so because the minor's right to trained legal assistance is greater than the parent's right to appear pro se.").

        The court further observed that the 90-day period to file a motion for substitution had already expired, subjecting Decedent's claims to dismissal.  (ECF No. 65 at 3.)  Nevertheless, because attempts to substitute were made during the 90-day period and because related efforts had revealed Decedent's proper successor in interest, the court exercised its discretion in the interest of fairness to grant a limited extension of time until September 3, 2015 to allow FMC Jr. to move for substitution.  (Id.)  However, the court emphasized that:

        any such motion shall be accompanied by a motion to appoint an appropriate guardian ad litem for FMC Jr. in accordance with Local Rule 202, Federal Rule of Civil Procedure 17, and other applicable law, *and shall be filed by a licensed attorney who has been retained to prosecute the surviving claims and who files a notice of appearance as counsel in the action.*

(Id.) (emphasis in original).  The court cautioned that, absent a proper motion for substitution on

file by September 3, 2015, findings and recommendations for dismissal would issue.  (Id. at 4.)

Thereafter, on September 2, 2015, Mr. Cooley filed a motion for a 30-day extension of time to obtain counsel for FMC Jr.  (ECF No. 66.)  On September 4, 2015, the court granted that motion, and extended the deadline to file a motion for substitution in accordance with the July 28, 2015 order to October 5, 2015.  (ECF No. 67.)  However, the court expressly admonished that no further extensions would be granted.  (Id.)

Although the applicable deadline has now passed, no motion for substitution by a licensed attorney has been filed.  The court is sympathetic to the difficulties faced by Mr. Cooley in obtaining counsel for his grandson, but also notes that the 90-day deadline set by Federal Rule of Civil Procedure 25(a)(1) has already been extended by over 10 weeks, with no indication that the retention of counsel is imminent.  Thus, the court concludes that dismissal pursuant to Federal Rule of Civil Procedure 25(a)(1) is required at this juncture.  See Fed. R. Civ. P. 25(a)(1) ("If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.").

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The action be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

2.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

////

4

1       IT IS SO RECOMMENDED.

2 Dated: October 8, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE